UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

**DENZEL EARLY**
10116 Aurora Street
Detroit, MI 48204
(313) 244-2409
Plaintiff, pro se,

Case: 2:25−cv−13312
Assigned To : Parker, Linda V.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 10/20/2025
Description: CMP EARLY V. THANEDAR (NA)

v.

**REPRESENTATIVE SHRI THANEDAR,**
In his official and individual capacities
as Member of the U.S. House of Representatives for Michigan's 13th District,
Defendant.

Case No. _____
Hon. _____

## COMPLAINT FOR MISUSE OF PUBLIC FUNDS, FRAUD, ETHICS VIOLATIONS, AND PUBLIC SAFETY NEGLIGENCE

**I. Jurisdiction and Venue**
This action arises under 28 U.S.C. §§ 1331 and 1343(a)(3) and the Federal Election Campaign Act, 52 U.S.C. § 30114(b). Venue lies in the Eastern District of Michigan because Defendant represents and conducts official business within this district.

**II. Parties**
1. Plaintiff DENZEL EARLY is a Detroit taxpayer and citizen seeking accountability for misuse of public and campaign funds.
2. Defendant SHRI THANEDAR is a sitting Member of Congress representing Michigan's 13th District, subject to congressional and federal ethics law.

**III. Facts**
3. In the 2023–2024 cycle, Defendant raised approximately $9.47 million, spent $2.69 million, retained $6.9 million cash-on-hand, and reported $11.47 million in debt, indicating irregular financial activity (OpenSecrets & FEC data).
4. Defendant was reported as the top House spender in 2024–2025 for taxpayer-funded advertising reimbursements (~$930,000), surpassing the average House member by over twenty-fold (Detroit News, Apr 2025).
5. A super-PAC linked to AIPAC spent $2.3 million in independent expenditures in support of Defendant, raising concerns of improper influence and violation of the public-trust mandate.
6. The notarized QuietWill2.pdf (Proof.com log 08/12/2025) attests to authentic records supporting

Plaintiff's claims of ethical and financial conflict in public representation.

7. Under the African Union Agenda 2063 Framework, particularly Aspirations 1 and 3 (ethical governance and accountable institutions), African and diasporic citizens are entitled to fair, transparent economic representation aligned with sustainability goals.

8. Defendant's actions contradict both U.S. ethics law and Agenda 2063's principles of integrity, equity, and financial transparency in public office.

9. In addition to financial and ethical violations, Defendant's office has been linked to merchant vessel reporting failures within U.S. and Great Lakes maritime channels, resulting in delayed emergency responses, unsafe routing, and harm to public infrastructure. These incidents correlate with interference in control message systems used for shipping coordination, radar updates, and harbor alerts.

10. The resulting public risk and injury constitute negligence under federal oversight laws, demonstrating administrative misconduct extending beyond campaign activities.

### IV. Claims

Count I – Misuse of Campaign and Public Funds: Defendant converted campaign funds to personal benefit and self-reimbursement in violation of 52 U.S.C. § 30114(b).

Count II – Violation of Honest Services (18 U.S.C. § 1346): By concealing expenditures and debts, Defendant deprived Michigan taxpayers of honest services and transparent representation.

Count III – Negligent Oversight and Breach of Ethical Duty: Defendant failed to ensure fair use of congressional appropriations, constituting gross neglect of fiduciary responsibility.

Count IV – Negligence Causing Public Injury and Safety Failures: Defendant's dereliction in oversight of maritime reporting and control message systems endangered public safety and disrupted interstate commerce, violating 46 U.S.C. § 2302 and related duties of public trust.

### V. Relief Requested

Plaintiff respectfully requests that this Court:

1. Order a judicial audit of Defendant's campaign and reimbursement accounts;
2. Refer the matter to the Office of Congressional Ethics and Department of Justice for investigation;
3. Enjoin Defendant from using additional public funds pending review;
4. Declare that Defendant's conduct violated ethical, fiduciary, and public safety standards; and
5. Award appropriate costs and further relief as justice requires.

**Respectfully submitted,**

/s/ Denzel Early
Denzel Early, Pro Se
Detroit, Michigan
Dated: October 19, 2025